## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GUN OWNERS OF AMERICA, INC., | ) | |
| 8001 Forbes Place | ) | |
| Suite 202 | ) | |
| Springfield, VA  22151 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GUN OWNERS FOUNDATION, INC., | ) | |
| 8001 Forbes Place | ) | |
| Suite 202 | ) | |
| Springfield, VA  22151 | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 21-cv-2969 |
| | ) | |
| v. | ) | |
| | ) | |
| BUREAU OF ALCOHOL, TOBACCO, | ) | |
| FIREARMS & EXPLOSIVES, | ) | |
| 99 New York Avenue, N.E. | ) | |
| Washington, DC  20226 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Gun Owners of America, Inc. and Gun Owners Foundation, Inc. (together "Plaintiffs") bring this action against Defendant Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiffs allege the following:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

3.      Plaintiff Gun Owners of America is a California non-stock corporation with its

principal place of business in Springfield, Virginia.  Gun Owners of America is organized and

operated as a non-profit membership organization, exempt from federal income taxes under

Section 501(c)(4) of the U.S. Internal Revenue Code.  Gun Owners of America seeks to promote

social welfare through informing and educating the public on and conducting activities in defense

of the Second Amendment and the right to keep and bear arms. Plaintiff Gun Owners Foundation

is a Virginia nonstock corporation, organized and operated as a non-profit legal defense and

educational foundation that is exempt from federal income taxes under Section 501(c)(3) of the

Internal Revenue Code.  GOF is supported by gun owners across the country.

4.      Defendant Bureau of Alcohol, Tobacco, Firearms & Explosives is a law

enforcement agency within the U.S. Department of Justice, a department of the United States

Government, and is headquartered at 99 New York Avenue, N.E., Washington, D.C. 20226.

Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On June 1, 2020, Plaintiff submitted an FOIA request, by e-mail, to the Disclosure

Division within the ATF.  *See* Exhibit A.

6.      The request to ATF sought records relating to the ATF's "Out-of-Business

Records Center ("OOB") in Martinsburg, West Virginia. A copy of Plaintiff's letter is attached as

Plaintiff's Exhibit A.

7.      Specifically, Plaintiff's FOIA request sought:

(a)      records identifying the current number of pages of records housed by the OOB
         Records Center;

(b)      records showing how OOB records are currently stored by ATF, including
         whether Form 4473 and/or "bound books" are being scanned into digitized form,

and/or turned into a searchable database through manual entry or use of "optical character recognition" software;

(c)    records describing the capabilities of any digital database of OOB records that may exist, such as ability to search for all 4473s ever completed by a particular person;

(d)    any ATF policies or procedures governing access to OOB records; and

(e)    any ATF records discussing how any such digitized database of OOB records that may exist comports with the 18 U.S.C. Section 926(a)(3) prohibition on maintenance of a national gun registry.

8.    Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to respond to Plaintiffs' FOIA requests within 20 working days of this request. Defendant did not respond.

9.    Plaintiffs' counsel was informed via letter dated June 29, 2020, that ATF had assigned Plaintiff's request Tracking Number 2020-0802. A copy of ATF's letter is attached as Plaintiffs' Exhibit B. ATF granted Plaintiffs' request for a fee waiver, but did not state whether it would comply with the FOIA, nor did it provide a date certain when Plaintiffs would receive records responsive to their FOIA request.

10.    The statutory deadline has long passed, and Defendant has failed to provide a substantive response to Plaintiffs' FOIA request. As of the date of this Complaint, Defendant has failed to produce all responsive records or assert any claims that responsive records are exempt from production.

11.    Since Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), Plaintiffs are deemed to have fully exhausted any and all administrative remedies with respect to their FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

12.    Plaintiffs are nonprofit organizations seeking information with which to inform and educate the public about the workings of government. Plaintiffs routinely publish and make publicly available information uncovered as a result of their FOIA requests. Release of the records requested is in the public interest.

## CAUSE OF ACTION
### (Violation of FOIA, 5 U.S.C. § 552)

13.     Plaintiffs reallege paragraphs 1 through 12 *supra* as though fully set forth herein.

14.     ATF has failed to process and make a determination regarding Plaintiffs' June 1, 2020 FOIA request within the statutory time limit, and is unlawfully withholding records requested by Plaintiffs pursuant to 5 U.S.C. § 552.

15.     Plaintiffs are being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Gun Owners of America and Gun Owners Foundation request that the Court grant all appropriate relief for Defendant's violation of the FOIA alleged above, including:

 a. An order and judgment requiring Defendant to conduct a search for any and all records responsive to Plaintiffs' FOIA request, and to demonstrate that it employed search methods reasonably likely to lead to the discovery of all records responsive to Plaintiffs' request;

 b. An order and judgment requiring Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiffs' FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

 c. An order and judgment permanently enjoining Defendant from continuing to withhold any and all non-exempt records in this case that are responsive to Plaintiffs' FOIA request;

 d. Attorneys' fees and costs to Plaintiffs pursuant to any applicable statute or

authority, including 5 U.S.C. § 552(a)(4)(E); and

e.   Any other relief that this Court in its discretion deems just and proper.


                                       /s/ Robert J. Olson
                                    Robert J. Olson
                                    (D.C. Bar No. 1029318 )
                                    William J. Olson
                                    (D.C. Bar No. 233833)
                                    Jeremiah L. Morgan
                                    (D.C. Bar No. 1012943)
                                    William J. Olson, P.C.
                                    370 Maple Avenue West, Suite 4
                                    Vienna, VA 22180-5615
                                    703-356-5070 (telephone)
                                    703-356-5085 (fax)
                                    wjo@mindspring.com (e-mail)

                                    *Counsel for Plaintiffs*
Dated: November 9, 2021                 GUN OWNERS OF AMERICA
                                    GUN OWNERS FOUNDATION